Peyton Lee, OR SBN 164224
Assistant Federal Public Defender
Email: Peyton_Lee@fd.org

Michael Benson, AK Bar No. 1311070
Email: michael_benson@fd.org
Assistant Federal Public Defender

Fidel Cassino-DuCloux, GA SBN 40244
Federal Public Defender
Email: fidel_cassino-ducloux@fd.org

101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MARIE GERTRUDE JEAN VALMONT,<br>Defendant. | Case No. 3:24-cr-00353-AN-2<br><br>MOTION FOR *HENTHORN* RECORDS |

Defendant, Marie Gertrude Jean Valmont, through her attorneys, Peyton Lee, Michael Benson, and Fidel Cassino-DuCloux, hereby request that the government be ordered to provide disclosures of the personnel files of testifying government agents pursuant to *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). Further, the defense requests that counsel for the

government explicitly state on the record that they have personally requested and reviewed the personnel files prior to making such disclosures, instead of relying on the law enforcement agencies themselves to provide relevant and discoverable information.

This motion is being submitted in advance of trial to ensure that "*Henthorn* letters" concerning personnel file reviews are completed in advance of trial and necessary materials are timely provided to the defense. Due process requires that disclosure of exculpatory and impeachment evidence be made in sufficient time to permit the defendant to make effective use of that information at trial. See, e.g. *United States v. Manning,* 56 F.3d 1188, 1198 (9th Cir. 1995) (disclosures should be made by government when still of substantial value to the accused).

Concerning required disclosures, the prosecution may not suppress exculpatory evidence that is material to the issue of guilt or punishment, including information in the personal files of law enforcement officers. *United States v. Cadet*, 727 F.2d 1453, 1467 (9th Cir. 1984) (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). When the defense generally requests exculpatory evidence, "the test for materiality is whether the suppressed evidence 'creates a reasonable doubt that did not otherwise exist.'" *Cadet*, 727 F.2d at 1467 (quoting *United States v. Agurs*, 427 U.S. 97, 112 (1976)). In *Henthorn*, the Ninth Circuit confirmed that a defendant is not required to make any prima facie showing prior to obtaining the appropriate disclosures, stating: "[t]he government is incorrect in its assertion that it is the defendant's burden to make an initial showing of materiality. The obligation to examine the files arises by virtue of making of a demand for their production." *Henthorn*, 931 F.2d at 31.

The Ninth Circuit has recognized that a prosecutor should not delegate the responsibility of reviewing files for *Brady* material to a non-attorney investigator. *United States v. Alvarez*, 86

F.3d 901, 905 (9th Cir. 1996) (citing *Kyles v. Whitley*, 514 U.S. 419, 438 (1995)). The court found "that the better practice is for the prosecutor herself to review [the] materials." *Id*. at 905.

For the reasons presented herein, counsel for Ms. Valmont seeks appropriate *Henthorn* disclosures from counsel for the government.

Dated: June 11, 2026.

*/s/ Peyton Lee*
Peyton Lee, OR SBN 164224

*/s/ Michael Benson*
Michael Benson, AK Bar No.1311070

*/s/ Fidel Cassino DuCloux*
Fidel Cassino-DuCloux, GA SBN 40244