Peyton Lee, OR SBN 164224
Assistant Federal Public Defender
Email: peyton_lee@fd.org

Michael Benson, AK Bar No. 1311070
Assistant Federal Public Defenders
Email: michael_benson@fd.org

Fidel Cassino-DuCloux, GA SBN 40244
Federal Public Defender
Email: fidel_cassino-ducloux@fd.org

101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIE GERTRUDE JEAN VALMONT,<br><br>Defendant. | Case No. 3:24-cr-00353-AN-2<br><br>REPLY TO GOVERNMENT'S RESPONSE (ECF 78) TO MOTION FOR BILL OF PARTICULARS (ECF 76) |

Defendant, Marie Gertrude Jean Valmont, through her attorneys, Peyton Lee, Michael Benson, and Fidel Cassino-DuCloux, submits the following Reply to Government's Response to Motion for Bill of Particulars (ECF 78). The government's argument is that a more definite charging document is unnecessary because it has provided "full discovery," which obviates its need to specify its theory of prosecution. This argument fails because full discovery has not yet

been provided, and the discovery that has been provided does not answer the simple questions posed by defense counsel.

## I. ARGUMENT

The superseding indictment and the partial discovery provided to date do not provide adequate notice under Federal Rule of Criminal Procedure 7(f) to "apprise [Ms. Valmont] of the specific charges being presented so as to minimize surprise at trial, to aid [her] in preparing for trial, and to protect against double jeopardy." *United States v. Burt*, 765 F.2d 1364, 1367 (9th Cir. 1985); *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) ("A motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense."). "Where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute." *Russell v. United States*, 369 U.S. 749, 764 (1962).

In particular, for the allegations related to Forced Labor and Document Servitude contained in Count 1-8, it is unclear what theory or combination of theories supporting coercion or force is being relied on for each of the alleged victims: force, threat of force, physical restraint to that person or someone else, threat of harm, abuse of law or legal process, or some pattern to make an individual to believe someone else would suffer harm if they did not provide labor. The Superseding Indictment (ECF 52), in relevant part, simply mirrors the statutory language and the discovery to date does not provide specify what force Ms. Valmont is alleged to have been used against each victim to compel them to engage in labor.

With regards to the healthcare fraud allegations in Count 8-12 the government has alleged that Ms. Valmont "stated that she was disabled and needed Andre to be her paid health care worker while at the same time acting as an active and primary caregiver at Velida's

[Carehome].” Superseding Indictment, ECF 52 at 15. However, the government has repeatedly declined to specify what the fraudulent statement was and who relied upon it, which substantially impairs the defense’s ability to prepare for trial. Are they alleging that Ms. Valmont was not disabled when she claimed to need care, and therefore defrauded the Oregon Consumer Employed Provider program? Or are they alleging that Ms. Valmont was in fact so disabled that she was not providing care to the individuals at the adult foster home, and therefore she made a fraudulent statement to receive benefits from ODHS and Medicare? The defense cannot prepare for trial without knowing which of these mutually exclusive theories the government intends to pursue. This is not a request for evidence. It is a request to identify the alleged falsity that constitutes the offense.

Additionally, it is unclear what conspiracy or overt acts are alleged to have been engaged in by Ms. Valmont with relationship to the other allegations against Ms. Andre, as reflected in ECF 52 at ¶59 (“ODHS processed these claims and paid out Medicaid funds to Andre on behalf of Valmont in reliance on the materially false information that was given by Andre. That money was paid to a bank account under the control of Andre.”).

Ms. Valmont maintains her request that the Court order the government to provide a bill of particulars, articulating the basis of the allegations for each of the respective counts as outlined above and in ECF 76.

### A. Discovery in this case does not provide adequate notice to satisfy the need for a bill of particulars.

The government relies heavily on the language in caselaw that “complete and open discovery” and “full and open discovery” may provide an adequate basis to deny a bill of particulars. *See* ECF 78 at 9. Discovery in this case is not yet complete. As reflected in the

Defense Motion for Discovery Deadlines (ECF 77), and Supplement to Motion (ECF 79), the defense is still awaiting further disclosures from the government. In particular, the government has indicated that another wave of discovery is anticipated shortly, which is anticipated to include an additional 15 recordings "under 11 hours in length" and accompanying reports. ECF 79 at 2. In just the last three weeks, the defense has received through informal discovery a more than hour long audio recording of an interview seemingly conducted in October by the government with a DHS witness. *Id.* Incomplete discovery cannot provide the "full and open" disclosures supported by caselaw.

Additionally, the government's reliance on discovery as a basis for not providing further clarity through a bill of particulars only heightens the need for a deadline by which the government will commit that they have provided the "complete and open" discovery required under the caselaw. To date, defense does not believe that partial discovery provides adequate notice.

Additionally, even full discovery would not provide adequate clarity in this case. Discovery can be considered as part of the disclosures which may support a denial of a Bill of Particulars but only if it clearly points the defense to the basis that the government will rely on for their charges. The government cites a number of cases that make clear that discovery does not *necessarily* provide adequate notice, and in fact can serve to further obscure the government's theory if it is voluminous and unaccompanied by a sufficiently specific indictment, as is the case here.

The government cites *United States v. Brice,* No. 11-cr-0075, 2012 U.S. Dist. LEXIS 199327 (E.D. Wash. April 3, 2012). The Court in *Brice* noted that in relation to discovery, "overwhelming a defendant with discovery can obscure the particulars of a charge as fully as

denying discovery. Thus, when faced with 'mountains' of discovery or 'massive disclosures,' a defendant may still be unable to prepare for trial and prevent surprise." *Id.* at *14. In that case, the Court denied the bill of particulars because the government had already filed a trial memorandum of relevant facts and evidence, as well as providing significant discovery, which narrowed and clarified the case, including grand jury transcripts. *Id.* at *13. The government has not made equivalent disclosures or representations in this case to narrow the case to specific allegations. If the government has not yet determined which statutory means under § 1589 it intends to prove, or which statement it contends was false under Count 9, that uncertainty itself demonstrates why a bill of particulars is necessary to prevent unfair surprise at trial.

In *United States v. Yandell*, No. 2:19-cr-107, 2023 U.S. Dist. LEXIS 82988 (E.D. Cal. May 10, 2023), also cited by the government, the Court rejected the bill of particulars motion on the basis of being bound by the prior trial court's order. *Id.* at 15-16. However, to the extent that the defense sought to reopen the issue, it was based on the provision of additional discovery by the government, which the Court acknowledged "cuts both ways," and acknowledged that for the defense, the "overwhelming volume of information increases rather than obviates the need for a bill of particulars to identify the government's theory of the case as to each defendant's actions." *Id.* at *15. The Court ultimately found that new discovery did not sufficiently change the circumstances to reopen the prior ruling. *Id.* at *16.

The defense does not dispute that the Court can consider the full nature of the disclosures provided by the government to date in assessing whether a Bill of Particulars is necessary. However, the cases cited do not support that the government's disclosures in this case provide adequate notice.

The government points to *United States v. Gillum*, No. 2:24-cr-0053, 2025 U.S. Dist. LEXIS 199649 (E.D. Cal. Oct. 7, 2025) to support their contention that their discovery disclosures are adequate. ECF 78 at 4. In *Gillum*, it was the combination of the "indictment, discovery, and all disclosures" which provided adequate notice. *Id.* at *4. In particular, in Mr. Gillum's case the "indictment *specifically identifie[d*] nine monetary transactions — by date, dollar amount, and financial institution — that are the basis for nine counts of money laundering." *Id.* at *2 (emphasis added). The defendant was instead asking that the government "trace dollar-for-dollar all alleged criminal proceeds back to their origins and to identify the amounts[,]" and "further seeks information on the dates of sale, the original form of currency tendered, the appreciation in value of cryptocurrency since acquired, and dates and values of all subsequent transfers or exchanges of assets from the time of acquisition until the alleged money laundering transactions." *Id.* at *2-3. These requests did not pertain to the basis of the indictment charges, that is "the theory of the government's case," but instead was a request to understand "all the evidence the government intends to produce[.]" *Id.* at 5.

The government argues that a bill of particulars is not an appropriate tool for "preview[ing] the government's evidence" or discovering all "witnesses the government intends to call at trial." ECF 78 at 4. That is simply not the request of the defense in this case. Ms. Valmont does not seek a full preview of government witnesses and evidence. The defense requests what a Bill of Particulars is precisely designed to address; the theory on which the government plans to allege that Ms. Valmont engaged in criminal conduct so that she may defend against it. Ms. Valmont is requesting clarity about what the basis is for the specific charges; what theory or theories under which an allegation of forced labor will proceed for each

alleged victim, and what the fraudulent statements are which Ms. Valmont is alleged to have put forth for the charge of healthcare fraud.

### B. The Indictment does not provide adequate notice to satisfy the need for a bill of particulars.

Volume is not a substitute for specificity. While the government repeatedly points to the volume of discovery and the length of the superseding indictment, it does not answer the fundamental request of the defense that they articulate what basis the charges are being alleged on. The Supreme Court has noted that simply parroting the language of the criminal statute does not always provide adequate notice. *Russell v. United States*, 369 U.S. 749, 764 (1962). Depending on the nature of the offense, greater specificity may be required. The statutory language is only sufficient if "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quoting *United States* v. *Carll*, 105 U.S. 611, 612 (1882)). In the instance of these charges, like in *Russell*, the additional information regarding what statement is alleged to be fraudulent and what coercion occurred to support forced labor, is central to the prosecution and necessary to provide fair notice to Ms. Valmont. 369 U.S. at 764.

The government cites generally to *United States v. Calabrese*, 825 F.2d 1342 (9th Cir. 1987), for the proposition that they have adequately informed the defense in this case. In *Calabrese*, the Court rejected the defense contention that an unanticipated witness called at trial proved the bill of particulars should have been granted and found that the defense had not previously raised his other argument that the bill of particulars was needed to specify a relevant timeframe. *Id.* at 1347. Neither is analogous to the defense's request here.

With regards to healthcare fraud, the government asserts generally that the Superseding Indictment provides the "time period, the location of the offenses, which defendant(s) made the statement or took the action, the dates of the false statements, and descriptions of the false statements," ECF 78 at 5, without actually answering the very simple question the defense presents: which statement by Ms. Valmont contained in Count 9 is alleged to be false? Later, the government says that the request related to the conspiracy to commit healthcare fraud and false statements "lack merit as the charges are adequately pleaded in the Superseding Indictment and full discovery has been provided." ECF 78 at 7. Again, the government does not specify which of the alleged statements is false. As articulated above, "full discovery" has both not been provided, nor does it adequate clarification for the charge.

The government provides further citations which do not support the contention that their indictment is sufficient. In *United States v. Taylor*, 2017 U.S. Dist. LEXIS 225237, at *2-3, the government alleged a fraudulent statement was made to the ATF in applying for a gun license and provided the specific statement and specific form. Ms. Valmont's case includes no such form, and the government has not selected which statement of Ms. Valmont is alleged to be false.

With regards to the forced labor charges, the government states that the "charges track the language of the relevant statutes[.]" ECF 78 at 5. The defense agrees, which is precisely why the government still needs to articulate a particular theory of the allegations for each of the alleged victims rather than simply mirroring the language of a multipronged statute with more than nine different possible means of commission of the offense.

The government then alleges that the defense's request amounts to asking for "specific instances of force and coercion," ECF 78 at 7, and cites *Cerna* as a basis for the Court to deny the request. *United States v. Cerna*, No. 08-cr-0730, 2009 U.S. Dist. LEXIS 133644 (N.D. Cal. Sept 16, 2009). However, in *Cerna,* the court *granted* in part the request for a bill of particulars, requiring that "the government will be ordered to provide a limited bill of particulars to clarify ambiguities and certain excessive generalities[.]" *Id.* at *11 (emphasis added). The defense is not asking for the impermissible version of every act and every "when, where, and how" that the government characterizes, but rather the very basic request to understand the statutory theory the government intends to proceed under for the core allegations.

Similarly, the *DiCesare* is inapplicable as the defense is not requesting "names of any unknown co-conspirators" or other such investigations into unknown and unnecessary descriptions of the evidence. *United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985).

## II. CONCLUSION

Ms. Valmont's request is not a request to preview the trial in the charging document. Instead, her request is directed towards specific questions her attorneys require answers to in order to prepare for trial. For example, if the government's theory is that Ms. Valmont was too disabled to provide care, the defense will necessarily have to prepare an entirely different case than if the theory is that she was not disabled at all. Ms. Valmont does not request a previewing of witnesses or evidence from the government, but merely a commitment to a theory of the allegations which she can squarely address at trial. What are the statements which were fraudulent, and how was labor coerced? Neither the discovery nor the indictment commits the government in any way to a particular articulation of the charges. If the government believes it is clear, a direct articulation in the form of a Bill of Particulars should not be onerous.

For the foregoing reasons, and for those expressed in the Defendant's previously submitted Motions for a Bill of Particulars, ECF 71 and 76, Ms. Valmont respectfully requests this Court order the Government to articulate the particular allegations that form the basis of the criminal charges against Ms. Valmont in order that she may adequately prepare for trial.

Dated: June 11, 2026.

*/s/ Peyton Lee*
Peyton Lee, OR SBN 164224

*/s/ Michael Benson*
Michael Benson, AK Bar No. 1311070

*/s/ Fidel Cassino DuCloux*
Fidel Cassino-DuCloux, GA SBN 40244

Attorneys for Ms. Valmont