SCOTT E. BRADFORD OSB #062824
United States Attorney
District of Oregon
**ELIZA CARMEN RODRIGUEZ, NYSB # 5645379**
Assistant United States Attorney
Eliza.carmen.rodriguez@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1000

A. TYSEN DUVA
Assistant Attorney General
U.S. Department of Justice, Criminal Division
**ELIZABETH HUTSON, VAB #85763**
Trial Attorney
Human Rights and Special Prosecutions Section
950 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 532-5578
Elizabeth.Hutson@usdoj.gov

Attorneys for the United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **No. 3:24-cr-00353-AN-2** |
| **v.** | **GOVERNMENT'S RESPONSE TO DEFENDANT VALMONT'S MOTION TO SET DEADLINE FOR PRETRIAL DOCUMENTATION AND DISCLOSURE OF INVESTIGATION AND DISCOVERY** |
| **MARIE GERTRUDE JEAN VALMONT**, | |
| **Defendant.** | |

Despite timely receiving volumes of discovery , the defendant seeks this Court's intervention without first attempting to meet and confer with the government to set unnecessary additional discovery deadlines. (ECF Nos. 77, 79). Because the government has, and continues,

to fulfill its discovery obligations and work with the defense to prepare for trial, and because the defendant has not cited any factual or legal basis for her requested relief, this Court should deny defendant's motion.

## I. RELEVANT FACTS

Defendants Yolandita Marie Andre (Andre) and Marie Gertrude Jean Valmont (Valmont) were indicted on September 17, 2024, with one count of 18 U.S.C. § 1594, conspiracy to commit forced labor, three counts of 18 U.S.C. § 1589(a), forced labor, for three separate victims, and three counts of 18 U.S.C. § 1589(b), benefitting financially from that forced labor. (ECF 1). Valmont was arraigned on these charges on September 27, 2024. (ECF 15). At that arraignment, the parties were directed to meet and confer regarding a timetable and procedures for pretrial disclosure under Rule 16. (*Id.*).

Beginning two weeks after the arraignment, the government produced nine volumes of discovery. The government provided the first volume containing initial discovery to Valmont's defense counsel on October 11, 2024, and it contained Bates numbers ANDRE_0000001 through ANDRE_0000511. On October 15, 2024, Defendant requested additional items and additionally requested that the government issue subpoenas to the Oregon Department of Human Services (ODHS) for any Adult Protective Services (APS) records in regards to Velida's Care Home, LLC, full Child Protective Services (CPS) and APS investigative records in regards to MV1, and medical records from Oregon Health and Sciences University (OHSU) pertaining to MV1. The government did so, at defendant's request. The second volume was produced on November 15, 2024, and contained Bates numbers ANDRE_0000512 through ANDRE_0000782 and included some of the requested discovery.

The government issued subpoenas to DHS and OHSU for the documents that the defense requested, even though there was no obligation to do so. On November 21, 2024, the defense also requested immigration records for the victims in the case and school records that were outside the possession of the government. Again, the government sought those records at the defendant's request as a courtesy. The government produced these items to the defense as they were received. Some of the documents were provided in hard copy and required both scanning and redacting.

The government produced the third volume of discovery to Valmont's defense on January 6, 2025. It included APS records and licensing information from DHS in Bates numbers ANDRE_0000783 through ANDRE_0001043. On January 29, 2025, the fourth volume of discovery was provided. It included APS records, Medicaid agreements, and DHS documents in Bates numbers ANDRE_0001043 through ANDRE_0001634. Volume 5 of discovery was provided on February 27, 2025, and contained the contents of the defendant's cell phones that had been seized and searched by the Federal Bureau of Investigation (FBI) in Bates numbers ANDRE_0001635 through ANDRE_0001636.

Volume 6 of discovery was produced on May 13, 2025. It contained DHS documents regarding defendants' involvement in the Homecare Worker program, benefits received by the victims and the defendants that were processed by DHS, and MV1's OHSU records in Bates numbers ANDRE_0001637 through ANDRE_0004821. On June 10, 2025, Volume 7 was produced. It contained the requested immigration documents for both the defendants and the victims in Bates numbers ANDRE_0004842 through ANDRE_0005799. Volume 8 was provided to the defense on August 27, 2025. It contained certified immigration documents in Bates numbers ANDRE_0005800 through ANDRE_0007313. On December 17, 2025, Volume 9 of discovery was produced. It contained additional DHS records, reports requested by the defense, and all of the FBI

reports that had been received up to that date in Bates numbers ANDRE_0007314 through ANDRE_0009729.

A federal grand jury returned a Superseding Indictment on January 21, 2026, adding charges against Valmont for violating 18 U.S.C. § 1592, document servitude, against Andre and Valmont separately for their individual violations of 18 U.S.C. § 1035, false statements regarding healthcare fraud, and against both defendants for violations of 18 U.S.C. § 1349, conspiracy to commit healthcare fraud. (ECF 52). This Superseding Indictment also merged the three counts of forced labor and benefitting financially from forced labor from the prior Indictment. (ECF 52). The majority of discovery pertaining to these charges currently in the possession of the government was produced in Volumes 1 through 9.

The parties have conferred in discovery meetings and exchanged many emails regarding discovery. The defense did not, however, confer with the government before filing this motion. In this motion, the defense alleged that they had not received scans of documents held by the FBI and any further Medicare and/or Medicaid requests submitted for Ms. Valmont. On May 22, 2026, the government met with the defense regarding the discovery items they alleged to be missing and alerted them to the fact that they received all records from DHS in January and May of 2025 and the scans in Volume 9 of discovery. This prompted the defense to file the supplement to their motion to make this correction. (ECF 79).

The government is currently processing volume 10 of discovery. It contains reciprocal discovery that was received from Defendant Andre and 15 recordings approximately 11 hours in length and any accompanying reports. Once Volume 10 is disclosed, the defense will be in possession of all of discovery that is currently in the possession of the government. The government has complied and will continue to comply with its discovery obligations leading up to trial.

## II. LEGAL STANDARD

Pretrial discovery is governed by Rule 16, the Jencks Act, and *Brady* and its progeny. *Cf. United States v. Agurs*, 427 U.S. 97, 106 (1976) ("there is, of course, no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor"). Each of these rules feeds into the well-established mandate that the government disclose evidence that is both favorable to the defendant and material either to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

Although Rule 16 does not require that the government produce every document that exists in relation to a case, the government has gone beyond what the rule requires by issuing subpoenas and sharing the results with the defense.

This discovery productions have been timely. Although Rule 16 outlines what must be disclosed, it is silent on when discovery must be disclosed. The Ninth Circuit has ruled that exculpatory material does not have to be turned over before trial, but "must be made at a time when disclosure would be of value to the accused." *United States v. Gordon*, 844 F.2d 1397 (9th Cir. 1988) (quoting *United States v. Davenport*, 753 F.2d 1460, 1462 (9th Cir. 1985). The trial management order in this case does not set out discovery deadlines. However, the parties were instructed to meet and confer regarding a timetable and procedures for pretrial disclosures under Rule 16 within 14 days of arraignment. It has done so in this case.

## III. ARGUMENT

The government has produced 9 volumes of discovery in this case since its inception on September 17, 2024. That discovery has not only included material that was within the government's possession - but also materials outside of the government's possession that were

requested by the defense. The bulk of this discovery was provided in 2024 and 2025 – well in advance of the January 11, 2027, trial date. This body of discovery contains subpoenaed information from ODHS, which was turned over in its entirety to the defense in January and May of 2025. Those documents all formed the basis of the newly alleged healthcare fraud related charges that were contained in the January 21, 2026, Superseding Indictment. Due to the contents of the material, the defense should have been on notice that these were potential charges that the government could file.

The government and defense have been able to meet and confer regarding discovery in this case many times. That is precisely what this Court already directed the parties to do. Considering that the government has proven its compliance with discovery obligations and the meet and confer system has worked in the past, the parties do not need deadlines in place to ensure compliance with any future discovery obligations.

While defense complains that discovery disclosures have been delayed in this case, they do not allege that this delay has caused any harm to the defendant. Any delays have been minimized to the extent feasible. Neither do they allege that documents have been produced at a time when they are unable to be useful or of value to them. They merely use knowledge of an alleged late disclosure that occurred in an unrelated case and impute that conduct to this case as a basis to request deadlines bthat are unwarranted.[1] Defense states that they are requesting deadlines due to the complex nature of the case and "to ensure that they have an adequate opportunity to prepare the defense and avoid unnecessary delays." (Def.'s Mot. To Set Deadline for Pretrial Documentation and Disclosure of Investigation and Discovery at 4, ECF No. 77). This is not a future harm or even

[1] At the time of this filing, the issue alleged in Defense's motion has not been litigated in the unrelated case.

an allegation that any possible delayed discovery disclosure that may occur would happen at a time when the information would not be valuable to them.

Seven months still remain until the trial date set in this case. Given Rule 16's acknowledgement that the government's obligation is a continuing one, additional discovery will be produced as it arises and as promptly as possible. Currently, a small wave of discovery is being produced to the defense – which will contain everything currently in the government's possession. The government will continue to follow its discovery obligations until the date of trial. However, as the bulk of the discovery in this matter was produced seven months before trial, the defense enough time for it to be of value in preparing their defense.

## IV. CONCLUSION

Defendant's motion to set deadlines for pretrial documentation and disclosure of investigation and discovery should be denied.

DATED: June 12, 2026.

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Eliza Carmen Rodriguez*
ELIZA CARMEN RODRIGUEZ, NYSB # 5645379
Assistant United States Attorney

A. TYSEN DUVA
Assistant Attorney General
Department of Justice
Criminal Division

*/s/_Elizabeth Hutson*
ELIZABETH HUTSON, VAB #85763
Trial Attorney
Human Rights and Special Prosecutions Section