Peyton Lee, OR SBN 164224
Assistant Federal Public Defender
Email: Peyton_Lee@fd.org
Michael Benson, AK Bar No. 1311070
Email: michael_benson@fd.org
Assistant Federal Public Defender
Fidel Cassino-DuCloux, GA SBN 40244
Federal Public Defender
Email: fidel_cassino-ducloux@fd.org
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIE GERTRUDE JEAN VALMONT,<br><br>Defendant. | Case No. 3:24-cr-00353-AN-2<br><br>REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO SET DEADLINE FOR PRETRIAL DOCUMENTATION AND DISCLOSURE OF INVESTIGATION AND DISCOVERY (ECF 77, 79) |

Defendant, Marie Gertrude Jean Valmont, through her attorneys, Peyton Lee, Michael Benson, and Fidel Cassino-DuCloux, submits the following reply for Court's consideration regarding ECF 83, Government's Response to Motion to Set Deadline for Pretrial Documentation and Disclosure of Investigation and Discovery (ECF 77, 79). The defense maintains its request for a deadline from the Court, requiring an affirmative representation from the Government that complete discovery has been received by July 31, 2026, with rolling deadlines for further disclosures within 30 days of investigation, as requested in ECF 77 and 79.

**Legal Authority**

There is authority for the Court to set deadlines and require discovery disclosures. Federal Rule of Criminal Procedure 16(d) expressly authorizes courts to regulate discovery timing. The scope of the government's obligations are not presently at issue, but *Brady v. Maryland*, 373 U.S. 83 (1963) provides the bedrock of the government's constitutional obligations. *Kyles v. Whitley*, 514 U.S. 419 (1995), clarified that prosecutors have affirmative duties to disclose material evidence even if the defense does not request it. If the government has doubts about disclosure, they should be resolved in favor of disclosures. *See, United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1199 (C.D. Cal. 1999) (citing *United States v. Van Brandy*, 726 F.2d 548, 552 (9th Cir. 1984)).

The Ninth Circuit in *United States v. Stever*, 603 F.3d 747 (9th Cir. 2010) also affirmed the broad scope of the government's statutory criminal discovery obligations under Rule 16, beyond *Brady*. In *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013), the Court was clear that Rule 16 "grants criminal defendants a broad right to discovery," and requires disclosure of all documents "material to preparing the defense." Such disclosures are broader than mere *Brady* information and include information that may be relevant even if not exculpatory or impeaching. *Id.*

The government must also provide such material evidence in a timely manner. *See United States v. Bundy*, 968 F.3d 1019, 1037 (9th Cir. 2020) (upholding district court conclusion that the defendants suffered prejudice in not being able to prepare their case fully); *United States v. Cloud*, 102 F.4th 968, 980 (9th Cir. 2024) (citing *United States v. Bundy*, 968 F.3d 1019, 1033 (9th Cir. 2020)).

## Argument

First, the government alleges that the defense requested this deadline "without first attempting to meet and confer with the government," and that this deadline is an "unnecessary additional discovery deadline." ECF 83, at 1. The defense has communicated extensively with the government regarding discovery over the months and years that this case has been pending. The parties have had frequent and lengthy email communications, video calls, in-person meetings, and phone calls regarding requests. In addition, the defense informed the government that a motion requesting a final discovery deadline was going to be filed prior to submitting the motion (ECF 77) on May 12, 2026, and understood the government was objecting to the request. Defense met and conferred with the government again on May 22, 2026, after the filing of the discovery motion, and updated the Court accordingly (ECF 79). At that time, the government indicated additional discovery would be provided, and more than a month later an additional volume of discovery was submitted to defense on June 23, 2026, containing 10.1 gigabytes of data.

This disclosure, "Volume 10," includes a wide range of information which the defense believes demonstrates the need for a firm deadline for government disclosures. For example, the discovery volume provided includes 15 audio recordings of interviews conducted in October 2025, more than 8 months prior to defense receipt of the recordings. It also includes a number of FBI 302 reports documenting those interviews from October 2025. These reports were not written until late May or early June 2026, following the filing of the defense's request for a discovery deadline. An additional FBI 302 report documents an interview conducted in October 2024, again with the report not written until June 2026, after the defense's request for a deadline.

Volume 10 is not the only example. Volume 9, received in December 2025, also contained reports documenting investigation work from months if not years earlier. One report received in that volume documented an interview during the execution of the search warrant in August 2024, written in October 2024, and disclosed to the defense in December 2025.

The government emphasizes the quantity of disclosures that have been provided, and the various records that they have collected at the defense's request and prompting. ECF 83 at 2-4. That does not respond to the defense's core request for a final deadline by which the government commits that all investigation has been documented and disclosed so that we can be adequately prepared in advance of trial.

The government focuses on types of disclosures they are not obligated to make, and the fact that the defense does not allege "harm" to the defendant. ECF 83 at 5-6. The defense is not presently requesting sanctions, although Ms. Valmont reserves the right to request appropriate remedial action as needed in the future. Rather the defense hopes to avoid that more extreme circumstance by requesting the Court set a reasonable pretrial deadline at which time the government can commit that they have disclosed all records that they are obligated to provide. Recognizing the need for ongoing investigation, we also ask for a turn-around period such that the defense is provided with notice within 30 days if further interviews or investigations are conducted.

If the government has provided all disclosable records and materials in their possession, the defense's request should pose no problem.

Dated: June 26, 2026.

/s/Peyton Lee
Peyton Lee, OR SBN 164224

/s/ Michael Benson
Michael Benson, AK Bar No.1311070

/s/ Fidel Cassino DuCloux
Fidel Cassino-DuCloux, GA SBN 40244