SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**ARIN HEINZ, MIB #P80252**
Assistant United States Attorney
Arin.Heinz@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000

**ELIZABETH HUTSON, VAB #85763**
Trial Attorney
Human Rights and Special Prosecutions Section
U.S. Department of Justice, Criminal Division
1301 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 532-5578
Elizabeth.Hutson@usdoj.gov

Attorneys for the United States of America

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**YOLANDITA ANDRE and**
**MARIE GERTRUDE JEAN VALMONT,**

**Defendants.**

**No. 3:24-cr-00353-AN**

**GOVERNMENT'S RESPONSE TO DEFENSE MOTION TO SEVER COUNTS**

Defendant Valmont's Motion to Sever Counts Eight and Ten from Counts One through Seven (ECF 120) should be denied because (1) joinder is proper under Federal Rule of Criminal Procedure 8(a), in that all the charged counts are connected with, and constitute parts of,

Defendants' common scheme or plan, and (2) Defendant has not shown that a failure to sever would prejudice her. [1]

## RELEVANT BACKGROUND

On September 17, 2024, a federal grand jury returned an indictment charging Defendants Yolandita Andre (Andre) and Marie Gertrude Jean Valmont (Valmont), with one count of conspiracy to commit forced labor, three counts of forced labor for three separate victims, and three counts of benefiting financially from that forced labor of the same three victims from September 2023 through July 2024 (ECF 1).

On January 21, 2026, a federal grand jury returned a Superseding Indictment adding charges against Valmont only for violating 18 U.S.C. § 1592(a) (Document Servitude), against Andre and Valmont separately for their individual violations of 18 U.S.C. § 1035 (False Statements regarding Healthcare Fraud)[2] and against both Defendants for violations of 18 U.S.C. § 1349 (Conspiracy to Commit Healthcare Fraud) (ECF 52). In the Superseding Indictment, the government merged the three counts of forced labor under § 1589(a) with the three counts of benefitting financially from that forced labor of the same three victims under § 1589(b) (ECF 52). Defendants were arraigned on the Superseding Indictment on January 26, 2026 (ECF 60).

The Bill of Particulars[3] outlines the elements of the charges in the Superseding Indictment along with the theories the government intends to advance to prove those elements (ECF 95). There

---

[1] Defendant Andre filed short motions to join all the other motions filed by Defendant Valmont on September 23, 2026 (ECF Nos. 113, 117, 125) but did not file a motion to join Valmont's motions to Sever Defendants and Counts.

[2] As to these violations, Andre alone is charged in Counts Nine, Eleven, and Twelve.

[3] Defendant instructs this Court to determine whether joinder is proper based "solely on the allegations in the indictment" (ECF 120 at p. 5) yet quotes extensively from the Bill of Particulars throughout her Motion (ECF 120). In fact, the Ninth Circuit has considered matters outside the indictment when considering the validity of joinder. *See United States v. VonWillie,* 59 F.3d 922,

is significant overlap between the evidence the government expects to introduce at trial for the forced labor counts, on one hand, and the healthcare fraud counts, on the other. The adult foster business was both the location where Defendants coerced labor and services from the three victims and the location from and through which they violated the healthcare fraud statutes. The same two mother-and-daughter Defendants conspired together to violate forced labor laws and healthcare fraud laws during the same period of time. The financial benefit Defendants received also crosses over both sets of charges:

> "[Both defendants benefitted financially from the victims' labor and services because they received the benefit of their work caring for the residents while paying them little to no wages. The State of Oregon paid a significant amount of money per resident for their care at the defendants' home health care business, and Medicaid was also paying the defendants for the costs associated with some residents' care." (ECF 95 p. 11.)

The victims cared for the residents of the Defendants' adult foster care business, and Defendants submitted false statements to the Oregon Department of Health Services about the types of work performed in their adult foster care business and about how many residents were living in their adult foster care home. As follows, much of the evidence used to prove the forced labor counts will also be used to prove the healthcare fraud counts – for example, "the anticipated testimony of the victims" for the forced labor counts "will be corroborated by . . . work schedules

---

929 (9th Cir.1995) (reciting the "indictment-only" standard but also noting that joinder was proper because "testimonial and physical evidence . . . is also common to both counts"); *United States v. Fiorillo,* 186 F.3d 1136, 1145 (9th Cir.1999) (per curiam) (noting that "at least three witnesses testified at the trial concerning both" counts). Other circuits have done the same: the Fourth Circuit has held that "compliance with Rule 8(a) is determined by examining the indictment and evidence presented at trial [,]" *see United States v. Cardwell,* 433 F.3d 378, 385 n. 1 (4th Cir.2005), and the Eleventh Circuit along with the D.C. Circuit have held that courts may consider government proffers of evidence before trial in addition to allegations in the indictment. *See United States v. Dominguez,* 226 F.3d 1235, 1241 (11th Cir.2000) ("It is enough that when faced with a Rule 8 motion, the prosecutor proffers evidence which will show the connection between the charges."); *United States v. Halliman,* 923 F.2d 873, 883 (D.C. Cir.1991) ("[T]he government need not demonstrate the propriety of its joinder decisions on the face of the indictment[.]"). Regardless of the approach this Court elects to take (*i.e.* only consider allegations in the superseding indictment or look to additional proffered evidence), Defendant's Motion should be denied.

kept in the defendants' place of business and submitted to the Oregon Department of Health Services[]" (ECF 95 at 5.) And the reverse is also true:

> [T]he defendants listed MV1, AV1, and AV2 as caregivers on the caregiver schedules but at the same time denied that they ever employed these three individuals" and "on some staffing plans, the defendants state that neither AV2 nor MV1 lived in their residence, when in fact they did. All these material statements were submitted to the Oregon DHS with the purpose of collecting payment from the State of Oregon for the residents, as evidenced by the payment receipts, requests, and records which have been provided to the defense in discovery. Further, to disguise and conceal the scheme, the defendants instructed the victims to hide in a closet until regulators left when they had home inspections or visits. (ECF 95 at 14.)

In addition, Defendant Andre "submitted an application under penalty of perjury stating that only one victim was an occupant of the adult foster care home when in fact all three victims lived in the residence []" (ECF 95 at 15.) Defendants endeavored to conceal the victims as part of their coercive scheme and climate of fear (related to the forced labor counts) and as part of their fraudulent scheme vis-à-vis the Oregon Department of Health (related to the healthcare fraud counts). Of course, these examples of overlap are not all-inclusive because the proffered evidence in the Bill of Particulars "is not and was not intended to be a complete summary of statement of evidence or testimony that the United States intends to introduce in its case-in-chief on January 11, 2027[]" (ECF 95 at 17). The counts are properly joined.

In the Motion to Sever Counts Eight and Ten from Counts One through Seven (ECF 120), Valmont offers two arguments in support of her request for severance: (1) Counts Eight and Count Ten are improperly joined with Counts One through Seven because they are not of the same or similar character, are not based on the same acts or transactions, and are not part of a common scheme or plan; and (2) even if the counts were properly joined, they must be severed to prevent prejudice pursuant to Federal Rule of Criminal Procedure 14(a). Neither of Defendant's arguments warrant severance. The Court should deny Defendant's Motion.

## LEGAL STANDARD

Joinder remains "the rule rather than the exception" *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir.1980). Joinder is preferred to ensure the efficient administration of the courts. *Id.* The federal rules are construed liberally in favor of joinder because "joint trials conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." *United States v. Baker*, 10 F.3d 1374, 1387 (9th Cir.1993), *overruled on other grounds*; *see also Parker v. United States*, 404 F.2d 1193, 1196 (9th Cir.1968) (noting that a joint trial "expedites the administration of justice, reduces the congestion of trial dockets, conserves judicial time, lessens the burden upon citizens who must sacrifice both time and money to serve upon juries, and avoids the necessity of recalling witnesses who might otherwise be called upon to testify only once."). In addition, joinder "generally serve[s] the interests of justice by avoiding inconsistent verdicts." *Richardson v. Marsh*, 481 U.S. 200, 210-11 (1987).

### I. Federal Rule of Criminal Procedure 8(a)

Rule 8(a) of the Federal Rules of Criminal Procedure permits the joinder of separate offenses against a defendant in an indictment and at trial when the offenses are (1) "of the same or similar character," (2) "based on the same act or transaction," or (3) are "connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "Rule 8(a)'s joinder provision is generously construed in favor of joinder." *United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir. 1996), and the government need only establish one of these three conditions for joinder under Rule 8(a). *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir.1986).

Several factors guide this analysis: (1) the elements of the offenses; (2) temporal proximity; (3) evidentiary overlap; (4) physical location; (5) modus operandi; and (6) common victims.

*Jawara*, 474 F.3d at 578. Joinder is proper when, even if the elements of the charges differ, the evidence is of the "same character," and largely overlaps. *United States v. Boudreau,* 154 F.4th 1132, 1142 (9th Cir.2025).

Courts "interpret the second and third alternative prongs of this rule 'flexibly, requiring that the joined offenses have a logical relationship to one another.'" *United States v. McLaurin*, 764 F.3d 372, 385 (4th Cir. 2014) (quoting *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005)). The "predominant consideration" for the last prong—"connected with or constitute parts of a common scheme or plan"—is whether there is "overlap of issues or evidence between" the offenses, which goes to joinder's purpose of judicial economy. *United States v. Richardson,* 161 F.3d 728, 734 (D.C. Cir. 1998).

**II. Federal Rule of Criminal Procedure 14(a)**

Rule 14(a) of the Federal Rules of Criminal Procedure permits severance only where a defendant has carried his or her burden of showing that joinder is "so manifestly prejudicial that it outweigh[s] the dominant concern with judicial economy and compel[s] exercise of the court's discretion to sever." *United States v. Nolan*, 700 F.2d 479, 482 (9th Cir.1983); *see also United States v. Abushi*, 682 F.2d 1289, 1296-98 (9th Cir.1982). "Rule 14 sets a high standard for a showing prejudice." *United States v. Dorsey*, 2009 WL 959324, at *3 (W.D. Wash. April 6, 2009) (quoting *United States v. Vasquez-Velasco*, 15 F.3d 833, 845 (9th Cir.1994)). The burden falls on the defendant to make a strong showing of prejudice to obtain severance under Rule 14. *United States v. Piper*, 2008 WL 2230747, at *3 (W.D. Wash. May 29, 2008) (internal quotation marks and citation omitted).

To obtain severance of a properly joined count, a defendant must show more than simple prejudice, as "some prejudice is inherent in any joinder." *United States v. Vaccaro*, 816 F.2d 443,

448 (9th Cir.1987). Instead, a defendant must show that the jury may not be reasonably expected to consider and appraise the evidence on each count, and that the proper limiting instructions will not suffice to cure any potential prejudice. *See Baker*, 10 F.3d at 1387. "It is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro v. United States*, 506 U.S. 534, 540 (1993).

## ARGUMENT

### I. Joinder is Proper Under Rule 8(a).

Joinder is proper because all the offenses involve Defendants' business, the crimes occurred at the same time and in the same location, and they involved the same witnesses and much of the same evidence. These two categories of offenses – *i.e.* forced labor (Counts One through Seven) and healthcare fraud (Counts Eight and Ten) – arise from a common scheme or plan, are logically related, and share a large area of overlapping proof. *See Jawara*, 474 F.3d at 574 (quoting *United States v. Halper*, 590 F.2d 422, 429 (2nd Cir.1978) and *United States v. Roselli*, 432 F.2d 879 (9th Cir.1970)). Indeed, the forced labor scheme, through which Defendants compelled three vulnerable victims to perform labor and services with little to no compensation, involves the very labor that Defendants simultaneously monetized through fraudulent healthcare billing. Defendants' healthcare fraud scheme was not incidental to the forced labor; rather, it was one of the financial mechanisms through which Defendants benefitted financially from the forced labor. *See United States v. Kaufman*, 546 F.3d 1242 (10th Cir.2008) (finding that the evidence supported charges for both forced labor and healthcare fraud when the defendants compelled vulnerable residents to perform acts they characterized as legitimate psychotherapy and then monetized that purported "therapy" by billing Medicaid and the residents' families for it). There is significant overlap between the evidence supporting both forced labor and healthcare fraud charges in this case, and Defendant's argument to the contrary is wrong.

A. The counts relating to forced labor are of the same or similar character as the counts relating to healthcare fraud.

The factors cited in *Jawara* related to the "same or similar character" basis for joinder counsel strongly in favor of proper joinder under Rule 8(a). First, there is temporal proximity between the forced labor counts and the healthcare fraud counts. The Superseding Indictment sets out the relevant offense period for forced labor as September 2023 through July 2024 (ECF 52 pp. 8-11) and the relevant offense period for the healthcare fraud charges from August 2023 through July 2024 (ECF 52 pp. 12-16). Defense claims, without any supporting case law, that this "temporal overlap" is "minimal and an artifact of the government's own charging decisions." (ECF 120 p. 6). The government has not "artificially restricted" anything. Defendants brought the three victims to live in their home in September 2023 and coerced their labor and services in their adult foster business until July 2024 (ECF 52 p.8). During that same time, they were committing healthcare fraud through that same adult foster business. Defendant seems to be suggesting that there are other periods, earlier than the dates alleged in the Superseding Indictment, when Defendants committed healthcare fraud. This argument does not justify severing the Counts at issue in the Superseding Indictment. There is, as Defendant concedes, "temporal overlap" between the allegations of forced labor and allegations of healthcare fraud. (ECF 120 p. 6.)

Next, contrary to Defendant's assertion that there is no overlap in terms of victims between the two categories of charges, the three victims of forced labor are the same three victims whom Defendants made false statements about to obtain fraudulent benefits and payments from ODHS. As the Superseding Indictment makes clear, Defendants did not pay the victims despite receiving payments from the government vis-à-vis fraudulent means. (ECF 52 Paragraph 53). So, even though the victims of the crimes charged in the superseding indictment are different for the forced

labor counts and healthcare fraud counts, the three victims named in the superseding indictment relate to, and can provide testimony about, both categories of charges.

Defendant correctly states that the statutory elements the government must prove for the forced labor violations and the healthcare fraud violations are distinct. However, the "elements of the statutory offense" is only one of the factors cited in *Jawara* related to the "same or similar character" basis for joinder, and all the other factors counsel strongly favor or proper joinder under Rule 8(a). *Jawara*, 474 F.3d at 578.

Lastly, Defendant's statement that "the evidentiary overlap between the forced labor counts and the fraud counts is limited" (ECF 120 p. 6) is incorrect. [4] As detailed above, *supra* pp. 7--8, the "common evidence" between the two categories of charges is significant. Defendants conspired to commit healthcare fraud when they fraudulently obtained payments from Medicaid and ODHS based on fraudulent statements about the victims' work in the home and/or status as residents in the home. The victims can testify about Defendants' medical needs and work in Defendant's adult foster care business. Both the forced labor and healthcare fraud violations involve the same time period, the same facility, and the same scheme of fraud and exploitation. The evidentiary overlap between the forced labor counts and the healthcare fraud counts is substantial.

[4] The cases Defendant cites in support of its argument in this regard are inapposite. *See United States v. Randazzo*, 80 F.3d 623, 628 (1st Cir. 1996**)** **(**finding that offenses related to adulterating and mislabeling shrimp were improperly joined with tax fraud charges); *United States v. Creamer*, 370 F. Supp. 2d 715 (N.D. Ill. 2005), *opinion vacated in part on reconsideration*, No. 04 CR 281 - 1, 2006 WL 2037326 (N.D. Ill. Apr. 4, 2006) (holding that charges of tax violations were improperly joined with charges of bank fraud because neither allegations nor evidence bound the two alleged schemes together, the two groups of charges were not logically related to each other, the bank fraud and tax violations were separated by as many as eight years, and the evidence related to alleged check-kiting schemes was largely inadmissible at trial on alleged tax violations).

B. Defendants' forced labor violations are based on the same acts and transactions as the healthcare fraud violations.

Offenses may be joined in the same indictment and tried together when they are "based on the same act or transaction." *Roselli*, 432 F.2d 879, 898-902 (upholding the joinder of counts charging racketeering and securities fraud with counts charging income tax fraud because the evidence on the proceeds of the racketeering was relevant to both the racketeering charges and the tax charges). Defendants used their adult foster care home to both obtain the coerced labor and services from the three victims and obtain fraudulent healthcare payments. The three victims cared for the residents of the adult foster care home, and Defendants submitted false healthcare claims about those very residents. Work schedules Defendants submitted to ODHS will be used to corroborate the victims' testimony about the forced labor counts. Defendant's healthcare fraud directly involves the victims because they listed all three victims on the caregiver schedules while denying they ever employed these individuals to ODHS. In short, separating the charges will necessarily mean that this Court and two different juries will hear much of the same evidence; this is precisely the type of inefficiency Rule 8 seeks to avoid. Defendants' forced labor and healthcare fraud violations involve the same acts and transactions, and joinder is proper under the second prong.

C. Defendants' forced labor violations and healthcare fraud violations are part of a common scheme and plan.

Courts permit joinder under the "common scheme and plan" test where the counts "grow out of related transactions. *Jawara*, 474 F.3d at 574 (quoting *Randazzo*, 80 F.3d at 627). Courts ask whether commission of one of the offenses either depended upon or necessarily led to the commission of the other and whether proof of the one act either constituted or depended upon proof of the other. *Id.* As detailed above, *supra* pp. 8-10, the forced labor and healthcare fraud

counts out of related transactions and proof of the forced labor constitutes proof of the healthcare fraud (and vice versa). Unlike the facts of *Jawara*, where there was no direct connection between the acts other than the defendant's participation, and the two offenses were separated by several years, there is a direct connection between the forced labor acts and the healthcare fraud acts, and they occurred during the same time period.

Within her argument about the "common scheme" prong, Defendant contends that the healthcare fraud charges can be established without showing that anyone was forced to work (ECF 120 p. 10). However, that is not the standard by which courts evaluate whether joinder is proper – *i.e.* the government need not show that forced labor is an element of healthcare fraud to establish proper joinder. Here, Defendants obtained labor and services from the victims in their adult foster business through fraud and coercion and simultaneously incorporated those same individuals and their labor into the statements and submissions related to the Oregon Department of Health Services ODHS and Medicaid reimbursement claims. Joinder is proper.

**II. The Joinder of Counts Does Not Unfairly Prejudice Defendants.**

Joinder is "the rule rather than the exception." *Armstrong*, 621 F.2d 951, at 954. Defendant bears the burden of "mak[ing] a strong showing of prejudice." *United States v. Kenny,* 645 F.2d 1323, 1345 (9th Cir.1981). She fails to do so. While Defendant cites recognized forms of prejudice, she fails to show that any prejudice, much less prejudice sufficient to justify an exception, will result in this case if the forced labor and healthcare fraud charges are tried together. Defense claims that the inflammatory and "dramatic" evidence related to the forced labor counts will taint the jury's consideration of healthcare fraud. Defendant also argues that evidence that would not be admissible in a separate fraud trial gets before the jury because the charges are joined (ECF 120 p. 13). But, as discussed above, the forced labor charges are not related conduct appended to an

otherwise independent healthcare fraud prosecution. Instead, the charges arise from overlapping conduct involving the same operation, individuals, staffing arrangements, and financial benefits. And the healthcare fraud charges are not merely "technical" but instead involve making false statements to the government to obtain payment Defendants were never entitled to (similar to how Defendants made false and fraudulent promises to the three victims to obtain their labor and services at little to no cost in their home business). Courts recognize that, even when the elements differ, joinder of separate counts is appropriate when, as here, one set of charges arises from the other set. For example, the Ninth Circuit found joinder appropriate in a case in which the defendants tax evasion charges arose from their fraudulent activities. *Kenny,* 645 F.2d at 1344. The same is true in this case.

Moreover, Defendant must do more than merely show that prejudice will result; she also "must show that the prejudice cannot be alleviated by the trial court and as a result, the defendant will be unable to obtain a fair trial[]" *United States v. DeSimone*, 660 F.2d 532, 539 (5th Cir. 1981). Any potential risk that the jury might misuse evidence relating to one set of counts can be addressed through appropriate limiting instructions directing the jury to consider each count and the evidence supporting it separately. *See* Ninth Cir. Model Jury Instr. 6.13 (instructing jury to separately consider multiple defendants and multiple counts). Juries are presumed to follow this Court's instructions. *United States v. Jesenik*, 152 F.4th 924, 946 (9th Cir.2025) (citing *United States v. Reyes*, 660 F.3d 454, 468 (9th Cir.2011)). When a court provides this instruction, "its action militates against a finding of prejudice." *United States v. Rousseau,* 257 F.3d 925, 932 (9th Cir.2001); *see also Fiorillo,* 186 F.3d at 1145 (explaining that the court's jury instruction "to deliberate on the elements of each charge separately .... militates against a finding of prejudice"), and "provide an adequate safeguard against the risk of prejudice in the form of jury confusion,

evidentiary spillover, and cumulation of evidence." *United States v. Peterson*, 823 F.3d 1113, 1124 (7th Cir.2016) (citing *United States v. Berardi*, 675 F.2d 894, 901 (7th Cir.1982)).

Defendant's theory about prejudice is speculative and relies on a legally faulty assumption that a properly instructed jury will disregard their sworn oath and this Court's instructions regarding the government's burden of proof. Defendant has failed to carry her burden.

**CONCLUSION**

Joinder in this case is appropriate under Rule 8(a). The forced labor and healthcare fraud offenses constitute parts of a common scheme or plan, are of the same and similar character, and are based on the same acts and transactions. In addition, Defendant has not shown that a failure to sever would prejudice her. The Court should deny Defendant's Motion.

DATED: October 7, 2026. Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Arin C. Heinz*
ARIN C. HEINZ, MIB #P80252
Assistant United States Attorney

A. TYSEN DUVA
Assistant Attorney General
Department of Justice
Criminal Division

/s/ *Elizabeth Hutson*
ELIZABETH HUTSON, VAB #85763
Trial Attorney
Human Rights and Special Prosecutions Section